UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT
JUDGE

FRANK R. LAUTENBERG
POST OFFICE AND
COURTHOUSE
2 FEDERAL SQUARE, ROOM 417
NEWARK, NJ 07102
973-297-4851

November 21, 2016

**LETTER OPINION**

Re: Scipio v. Vitec Videocom, *et al.*
    Civil Action No. 16-03668

Dear Litigant:

The Court is in receipt of your complaint and application to proceed without prepayment of fees or costs in this matter under 28 U.S.C. § 1915. *See* D.E. 1.

Under § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). At the outset, Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). "A complaint is frivolous if it 'lacks an arguable basis either in law or in fact.'" *Okpor v. Sedgwick CMS*, No. 12-6521, 2013 WL 1145041, at *1 (D.N.J. Mar. 18, 2013) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

In addition, a plaintiff is not permitted to file two actions against the same defendants that assert the same or very similar claims. *See Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) ("[Plaintiff] had no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."); *Fabics v. City of New Brunswick*, 2015 WL 6123513, at *1 (3d Cir. Oct. 19, 2015) (dismissing a complaint that was "nearly identical" to an earlier complaint filed under a different docket number). A court may dismiss the complaint of a plaintiff proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) when the plaintiff files a complaint that is "duplicative of, and related to, the same nucleus of

1

operative facts" as a prior complaint filed under a different docket number. *Hurst v. Counselman*, 436 F. App'x 58, 59-61 (3d Cir. 2011).

Here, the facts alleged in Plaintiff's complaint are closely related to, and often duplicative of, the allegations asserted in a separate matter on the Court's docket. *Compare* 15-cv-07776 D.E. 1 *with* 16-cv-03668 D.E. 1 (the "15-07776 Action" and "16-03668 Action," respectfully). In both matters, Plaintiff asserts the same ten causes of action[1] against the same defendants.[2] The factual allegations in the two matters vary slightly as to form, but do not differ in any material aspect.

Plaintiff may not assert the same causes of action, with the same underlying facts, against the same defendants as a concurrently pending matter. *See Walton*, 563 F.2d at 70; *Fabics v. City of New Brunswick*, 2015 WL 6123513, at *1. To the extent Plaintiff wishes to pursue those claims, he must do so in the 15-07776 Action.

In conclusion, Plaintiff's application to proceed *in forma pauperis* is granted. For the reasons stated above, however, the Clerk of the Court shall not file Plaintiff's complaint. An appropriate order accompanies this opinion.

*[signature]*
John Michael Vazquez, U.S.D.J.

---

[1] The allegations asserted are as follows: Count One — violation of Due Process and Equal Protection under Fourteenth Amendment of the United States Constitution; Count Two — violation of Due Process and Equal Protection of the New Jersey Constitution; Count Three — violation of 42 U.S.C. § 1983; Count Four — violation of 42 U.S.C. § 1981; Count Five — violation of New Jersey Civil Rights Act, N.J.S.A. 10:6-2 et seq. ("NJCRA"); Count Six — violation of 42 U.S.C. § 1985 et seq.; Count Seven — violation of 42 U.S.C. § 1986, Count Eight — violation of the Conscientious Employee Protection Act, N.J.S.A. 34:19-1, ci seq. ("CEPA"); Count Nine — Defamation; and Count Ten — violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. ("Title VII").

[2] The defendants in both matters are the same except that in the 16-03668 Action, Plaintiff did not assert claims against Marty Frasco, who is one of the defendants named in the 15-07776 Action.